UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ethan BOOK JR., : | |
|     Plaintiff, : | |
| : | |
| vs. : | Civil No. 3:04cv1661 (PCD) |
| : | |
| Anthony LUPINACCI, POLICE : | |
| DEPARTMENT, CITY OF STAMFORD, : | |
| Martha VILLAMIL, : | |
|     Defendants. : | |

**RULING ON PENDING MOTIONS**

Pursuant to Fed. R. Civ. P. 59, Plaintiff moves for reconsideration of this Court's May 20, 2005 Ruling granting in part Defendants' Motions to Dismiss. Plaintiff also moves, pursuant to Fed. R. Civ. P. 15, for permission to amend his complaint. Defendants move to dismiss the action for failure to post security. For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. No. 66] is **granted** but the Court will **adhere to** its prior ruling, Plaintiff's Motion for Permission to Supplement his Motion for Reconsideration [Doc. No. 67] is **denied**, Plaintiff's Motion for Permission to Amend Complaint [Doc. No. 68] is **denied** and Defendants' Motion to Dismiss [Doc. No. 71] is **denied**.

**I. BACKGROUND**[1]

In January and February 2005, Defendants Anthony Lupinacci and the Police Department of the City of Stamford ("Stamford Defendants") and Martha Villamil moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the Complaint. Plaintiff's pro se Complaint alleges

---

[1] Many of Plaintiff's factual allegations will not be addressed herein. Only those facts that are necessary to the resolution of the substantive issues raised below are discussed.

twelve separate Counts of violations of state and federal law.

Count One alleges a violation of the Connecticut Unfair Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b, and 42 U.S.C. §§ 1981, 1985 for Defendant Villamil's failure to pay her business debt, excluding Plaintiff from their usual business activities and failing to provide an explanation for ending their dating relationship.  Plaintiff also maintains that her actions constitute actionable negligence and conspiracy.

Count Two claims that Defendant Villamil violated CUTPA and 42 U.S.C. §§ 1981, 1985 and 1986 by failing to give Plaintiff notice of her concerns or of questions regarding her debt prior to complaining to the Stamford Police Department and for failing to use a more conservative remedy, as suggested to her by Plaintiff.  Plaintiff also claims that these actions constitute negligence and conspiracy.

Count Three maintains that Defendant Villamil's alleged "errors" in her complaints to the Stamford Police Department constitute actionable violations of CUTPA, 42 U.S.C. §§ 1981, 1985 and 1986 and constitute negligence and conspiracy.

Count Four alleges that by advising Plaintiff not to contact Ms. Villamil during a meeting at the Stamford Police Department, Defendant Sergeant Lupinacci acted "without lawful cause" in violation of Plaintiff's First, Fourth, Ninth and Fourteenth Amendment rights.  Similarly, Plaintiff alleges that Lupinacci never intended to get back to him as promised, and as such, he and the Stamford Police Department violated 42 U.S.C. §§ 1981, 1983, 1985 and 1986.  Plaintiff also alleges that these actions constitute negligence and conspiracy.

Count Five alleges that the arrest warrant used in Plaintiff's original arrest lacked probable cause and contained factual and procedural errors which violated Plaintiff's First,

Fourth, Ninth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.  Furthermore, Plaintiff maintains that Defendant Lupinacci's and the Stamford Police Department's actions in overseeing and signing the warrant constitute negligence and conspiracy.

Count Six alleges that Defendant Lupinacci's and the Stamford Police Department's actions in seeking to have a protective order issued against Plaintiff "without reasonable cause" violated Plaintiff's First, Fourth, Ninth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and also constitute negligence and conspiracy.

Count Seven alleges that Defendant Lupinacci's and the Stamford Police Department's failure to take action against Defendant Villamil for her alleged failure to compensate Plaintiff for a business debt was in error and violated the First, Fourth, Ninth and Fourteenth Amendments to the Constitution pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and also constitute negligence and conspiracy.

Count Eight maintains that Defendant Villamil's alleged "errors in giving testimony during the trial" constitute actionable violations of CUTPA, 42 U.S.C. §§ 1981, 1983, 1985 and 1986, as well as constituting negligence and conspiracy.

Count Nine alleges that Defendant Lupinacci's allegedly false testimony during Plaintiff's criminal trial violated Plaintiff's First, Fourth, Ninth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and also constitute negligence and conspiracy.

Count Ten claims that Defendant Lupinacci's actions in (1) contacting an official of the Department of Correction to ask that Plaintiff not contact Defendant Villamil and (2) failing to respond Plaintiff's letter of the same date constitute actionable violations of Plaintiff's First,

Fourth, Ninth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and also constitute negligence and conspiracy.

Count Eleven contends that Defendant Villamil violated Plaintiff's rights pursuant to CUTPA and 42 U.S.C. §§ 1981, 1985 and 1986 by filing a new complaint against Plaintiff in or about June 2003.  Plaintiff claims that this conduct also constitutes negligence and conspiracy.

Count Twelve asserts that Defendant Lupinacci's act of presenting a new charge against Plaintiff on or about July 23, 2003 constitutes a violation of Plaintiff's First, Fourth, Ninth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and also constitutes negligence and conspiracy.

In a May 20, 2005 Ruling, Defendants' Motions to Dismiss were granted in part, with this Court dismissing Counts One through Nine of Plaintiff's Complaint as outside of the applicable statutes of limitations and time-barred.  See May 20, 2005 Ruling at 6-8, 11.  Counts Ten through Twelve, although not barred on statute of limitations grounds, pertain to a presently pending state court criminal action against Plaintiff and thus this Court declined to rule on them, holding that abstention was appropriate and staying the action pending resolution of the state court criminal matters.  See id. at 11-12.

## II.  MOTION FOR RECONSIDERATION

### A.  Standard of Review

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the

court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id., Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

**B. Discussion**

While Plaintiff's arguments suggest disagreement with the Court's ruling, his arguments simply relitigate claims already raised and rejected and do not justify departing from the prior Ruling. Shrader, 70 F.3d at 257. Dismissal of Counts One through Nine was and remains appropriate.

1. Statute of Limitations

In a May 20, 2005 Ruling, this Court held that Counts One through Nine of Plaintiff's Complaint were filed outside of the applicable statute of limitations and thus were time-barred. See May 20, 2005 Ruling at 10-11. Plaintiff takes issue with this holding, arguing that the limitations period should not have started running when the alleged "injury" occurred, but only after the state court jury verdict was rendered. Plaintiff cites a Northern District of Indiana case for the proposition that the limitations period should not begin to run until "plaintiff knew or

5

should have known of the injuries attending the alleged violations of his constitutional rights." See Mot. Recons. at 5 (citing Gaus v. County of Wells, 620 F. Supp. 1462, 1465 (N. D. Ind. 1985). Gaus merely held, however, that "*[a]t the very least*, plaintiff knew or should have known of the injuries attending the alleged violations of his constitutional rights with respect to his arrest, prosecution and conviction on January 6, 1982 when the Wells County jury returned the guilty verdict," and regardless of which date was used, the plaintiff's claims were barred by the applicable statute of limitations. Gaus, 620, F. Supp. at 1465 (emphasis added). The Court in Gaus did not need to and declined to determine the date on which the limitations period actually began to run. Id.

Plaintiff also argues that he "was not aware of the likelihood of the primary injury for which he seeks damages until October 1, 2001, the date that the jury rendered its verdicts" because "he believes he is fully innocent and should have been fully acquitted." Mot. Recons. at 5. The Second Circuit has made clear that for statute of limitations purposes, a claim accrues when a plaintiff "knows or has reason to know" that he or she has suffered harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (citing Cullen v. Margiotta, 811 F.2d 698, 725 (2d Cir.), cert. denied, 483 U.S. 1021 (1987)). The court took care to note, however, that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act becomes painful." Id. (citing Chardon v. Fernandez, 454 U.S. 6, 8 (1981)). As in this Court's prior Ruling, Plaintiff's argument that he should not be held responsible for being aware of any potential injury prior to the jury verdict are unconvincing. Even though he believed and continues to believe that he is "fully innocent," the conduct described in his Complaint or its potential consequences would not have been unknown to Plaintiff before the jury verdict.

6

In a similar case, the Second Circuit held that when the plaintiff was assaulted and falsely arrested by two police officers, the limitations period began to accrue on the date of the assault and false arrest, not, as the plaintiff argued, the date on which the state court action against the plaintiff was dismissed.  Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980).  As this Court stated previously, "the verdict itself would have had no impact on Plaintiff's awareness of the conduct or logical connection to it, but would merely have been the point at which the consequences of the acts impacted him, not when he knew or had reason to know of the allegedly unlawful conduct."  May 20, 2005 Ruling at 7-8 (citing Eagleston, 41 F.3d at 871).

Moreover, running the limitations period from the date of which the actions of which Plaintiff complains occurred does not undermine the federal policies behind the causes of action involved here.  Plaintiffs can still enforce their claims and recover compensation simply by filing a federal action within three years of an alleged injury—indeed, as Plaintiff himself did in this case regarding the actions leading to his second state court trial.  See Singleton, 632 F.2d at 191 (quoting Board of Regents v. Tomanio, 446 U.S. 478, 488 (1980)); see Complaint, Counts Ten–Twelve.  "Nothing prevented [Plaintiff] from bringing suit during the period when the criminal prosecution against him was pending."  Singleton at 192.  The fact that Plaintiff believed that he was innocent and believed that he would be acquitted does not alter the determination.

Plaintiff also argues again that some of the acts complained of constitute continuing courses of conduct for which the limitations period should be extended.  The acts of which Plaintiff complains are discrete acts.  The Supreme Court has held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed

7

charges" and that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)   Again, this argument was considered and rejected in the original Ruling, with this Court holding that "Plaintiff cannot use this theory to extend the statute of limitations for discrete acts." May 20, 2005 Ruling at 8 (citing Morgan, 536 U.S. 101).

Plaintiff further makes that argument that where the commission of an overt act is in furtherance of a conspiracy, that act, by its very commission, acts to start the limitations period again for all acts done as a part of that conspiracy. See Mot. Recons. at 9.  This argument, however, has also been considered and rejected by the Second Circuit:

> The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action.  To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time-bar, which is to preclude the resuscitation of stale claims.

Singleton, 632 F.2d at 192.  We similarly reject Plaintiff's argument here.

In the original Ruling, this Court held that "even if Plaintiff's argument were accepted, and the verdict date determined to be the point at which the limitations period began to run, he would run afoul on other grounds." May 20, 2005 Ruling at 8.  Specifically, we held that Plaintiff's claims would fail, pursuant to the Supreme Court's decision in Heck v. Humphrey, since "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." 512 U.S. 477, 481 (1994).  Essentially, the Heck Court held that:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487. Plaintiff challenges the Court's reliance on Heck in his Motion for Reconsideration. While the Court affirms its prior holding, reconsideration on this issue is not necessary, as this Court has already found that Counts One through Nine of Plaintiff's Complaint were properly dismissed as untimely under the applicable statutes of limitations.

    2. Abstention

Arguing against the need for abstention, Plaintiff writes that "the present [action] may be decided simply with consideration of the issue of the constitutionality of the Connecticut statute of harassment . . . among other considerations." Mot. Recons. at 18. Considering the issue, the Supreme Court has said that the abstention doctrine is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188 (1959). Federal district courts' obligation to adjudicate cases is a weighty one, with abstention justified "only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Id. at 188-89. Similarly, a federal court should not abstain from deciding a case "merely because a State court could entertain it." Alabama Pub. Serv. Comm'n v. Southern R. Co., 341 U.S. 341, 361 (1951) (Frankfurter, J., concurring in result). Federal courts do have the power, however, "to refrain from hearing cases that would interfere

with a pending state criminal proceeding." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). As this case falls into one of the exceptions to federal courts' duty to decide cases, this Court properly considered the issue of whether it should abstain pending resolution of the state court matter.

As this Court previously found, "Counts Ten through Twelve [of Plaintiff's Complaint] all challenge the legitimacy of the proceeding against Plaintiff in one respect or another, with Counts Eleven and Twelve attacking the fact that any action was brought at all." May 20, 2005 Ruling at 12. Thus, a verdict in this Court in Plaintiff's favor could cast doubt on and imply the invalidity of the state criminal charges. See Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 256-57 (2d Cir. 1998) (when adjudicating a civil claim could invalidate or even merely have an impact on a conviction, "the proper course is for the district court to stay further proceedings on that claim pending termination of the state-court criminal proceedings"). For these reasons as well as any additional ones raised in the prior Ruling and not discussed here, the Court will adhere to the prior Ruling and hold that abstention is appropriate pending termination of the state-court criminal proceedings.

### III. MOTION FOR PERMISSION TO SUPPLEMENT PLAINTIFF'S MOTION FOR RECONSIDERATION

Local Rule of Civil Procedure 7(c) provides that any Motion for Reconsideration "shall be filed and served within ten (10) days of the filing of the decision or order form which such relief is sought." The Ruling which Plaintiff seeks reconsideration of was filed on May 20, 2005 and thus the original Motion for Reconsideration, filed on June 1, 2005, was properly filed within that ten-day period. The proposed supplement, however, was filed over one month later, on July

9, 2005.

The supplement does not present facts or arguments that would previously have been unknown to the Plaintiff; rather, it merely contains additional arguments that could have been made in the original motion.  For example, Plaintiff's entire argument regarding abstention was made in the supplement; only one sentence of Plaintiff's original motion was devoted to the abstention issue. Moreover, Plaintiff does not present any justification for filing a supplement over one month after filing his original motion.  Rather, Plaintiff merely states that "[j]ustification for such permissio [sic] is understood from the information and arguments which are contained in the accompanying Supplement." Mot. Perm. Suppl. at 1.  The only argument contained in the accompanying Supplement, however, is the conclusory statement that "[t]here is good cause to amplify these arguments."  Suppl. at 2.  This Court does not believe that Plaintiff needs three bites at the proverbial apple.  Therefore, Plaintiff's Motion for Permission to Supplement his Motion for Reconsideration is denied.[2]

## IV.  MOTION FOR LEAVE TO AMEND COMPLAINT

### A. Standard of Review

Leave to file an amended complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  Leave should be "freely given" in the absence of a stated or apparent reason to the contrary, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Forman v.

---

[2] This Court has reviewed Plaintiff's Supplement and finds that even if this Court granted Plaintiff permission to supplement, the arguments contained therein would not alter the instant ruling on Plaintiff's Motion for Reconsideration.

Davis, 371 U.S. 178, 182 (1962).

### B. Discussion

Plaintiff filed a Motion for Leave to Amend the Complaint on August 15, 2005. The proposed Amended Complaint repeats Counts One through Nine which the Court dismissed in its May 20, 2005 Ruling. The proposed additions to the Complaint are minor ones relating to charges which this Court has already held are barred on statute of limitations grounds. The only additional Count—proposed Count Three(A)[3]—is brought pursuant to 42 U.S.C. §§ 1983 and 1985 and also involves conduct occurring more than three years before October 4, 2004, the date on which the present action was filed. Accordingly, this count would be, like Counts One through Nine, barred by the applicable Statute of Limitations.[4] As all of these proposed amendments to the Complaint relate to charges barred by the applicable statutes of limitations, the Court finds that amendment would be futile and therefore Plaintiff's Motion for Leave to Amend the Complaint is denied. See Forman, 371 U.S. at 182.

## V. MOTION TO DISMISS

On August 31, 2005, Defendants filed a Motion to Dismiss on the grounds that Plaintiff has failed to post security as required by an Order of this Court. In a separate Ruling [Doc. No. 61], however, this Court granted Plaintiff's Motion to Vacate the Court Order [Doc. No. 10] which originally had required him to pay $500.00 in security for costs in view of his

---

[3] Proposed Count Three(A) reads: "The Stamford Police Department erred in not having adequate established procedures for reviewing and responding to a minor complaint such as a harassment claim (42 U.S. Code, Sections 1983 and 1985).

[4] As this Court held in its May 20, 2005 Ruling, Connecticut's three-year statute of limitations for all tort actions applies to Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (applying Connecticut's three-year statute of limitations to a § 1983 claim); Ford v. New Britain Trans. Co., No. 3:03cv150 (MRK), 2004 U.S. Dist. LEXIS 26342, *6 (D. Conn. Dec. 21, 2004) (§ 1985).

representations regarding his financial status.  Accordingly, Defendants' Motion to Dismiss on that basis is denied.

## VI.  CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. No. 66] is **granted**.  Upon reconsideration, however, the Court will **adhere to** its prior ruling and hold that Counts One through Nine were properly dismissed as time-barred and that as to Counts Ten through Twelve, abstention is appropriate pending resolution of the state-court criminal matter.  Moreover, Plaintiff's Motions for Permission to Supplement his Motion for Reconsideration [Doc. No. 67] and for Leave to Amend the Complaint [Doc. No. 68] and Defendants' Motion to Dismiss [Doc. No. 71] are **denied**.[5]

SO ORDERED.

Dated at New Haven, Connecticut, January  12 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

---

[5] No position is taken on any argument raised by the parties but not addressed in this Ruling.  Suffice it to say, however, that any such argument has been considered and would not impact the result of this decision.