UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ETHAN BOOK, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Civil No. 3:04cv1661 (PCD) |
| | : | |
| ANTHONY LUPINACCI, POLICE | : | |
| DEPARTMENT of CITY of STAMFORD, | : | |
| MARTHA VILLAMIL, | : | |
|     Defendants. | : | |

## RULING ON MOTION FOR RECONSIDERATION

Pursuant to D. Conn. L. R. Civ. P. 7(c), Plaintiff moves for reconsideration of the Court's January 12, 2006 Ruling [Doc. No. 82], in which this Court granted Plaintiff's Motion for Reconsideration but adhered to its prior ruling and denied Plaintiff's Motion to Supplement his Motion for Reconsideration, his Motion for Permission to Amend the Complaint and Defendants' Motion to Dismiss. For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. No. 83] is **granted**; however, the prior Ruling is **affirmed**.

### I.    BACKGROUND

The facts of this case and the allegations in the Complaint have been detailed extensively in prior Rulings, including the January 12, 2006 Ruling which is the subject of this Motion for Reconsideration, and will not be repeated here.

### II.   STANDARD OF REVIEW

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245,

1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id., Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

### III. DISCUSSION

#### A. Ruling on Motion for Reconsideration

1. Statute of Limitaitons

In the January 12, 2006 Ruling, this Court, upon Plaintiff's motion, reconsidered and affirmed its prior ruling on Defendants' Motion to Dismiss. In the original May 20, 2005 Ruling [Doc. No. 62], this Court granted in part Defendants' Motion to Dismiss, dismissing Counts One through Nine of Plaintiff's Complaint as outside the applicable statutes of limitations and time-barred. See May 20, 2005 Ruling at 6-8, 11. It was also determined that Counts Ten through Twelve, although not barred on statute of limitations grounds, pertain to a presently pending state court criminal action against Plaintiff. Accordingly, this Court declined to rule on those counts, holding that abstention was appropriate and staying the action pending resolution of the state

2

court criminal matter.  See id. at 11-12.

In the January 12, 2006 Ruling on Plaintiff's Motion for Reconsideration, the Court noted that Plaintiff's "arguments simply relitigate claims already raised and rejected and do not justify departing from the prior Ruling."  Jan. 12, 2006 Ruling at 5 (citing Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  After noting this, the Court proceeded to address Plaintiff's arguments in turn and held that the prior Ruling, dismissing Counts One through Nine on statute of limitations grounds, was correct.  See id. at 5-8.  The Court also noted that even if the counts were not dismissed on statute of limitations grounds, the claims would "run afoul on other grounds."  Id. at 8.  Specifically, the Court noted that Plaintiff's claims, challenging the validity of his conviction and the conduct of the prosecution, would fail as "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481 (1994); see Jan. 12, 2006 Ruling at 8-9.  The Court also held that abstention, although "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 199 (1959), was appropriate in light of the pending state criminal action since "a verdict in this Court in Plaintiff's favor could cast doubt on and imply the invalidity of the state criminal charges."  Jan. 12, 2006 Ruling at 9-10 (citing Jackson v. Suffolk Homicide Bureau, 135 F.3d 254, 256-57 (2d Cir. 1998)).

Plaintiff, in the instant motion, seeks reconsideration of a decision which the Court has already reconsidered.  Moreover, Plaintiff does not cite "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

3

injustice," Virgin Atl., 956 F.2d at 1255, but simply seeks to "relitigate an issue already decided." Shrader, 70 F.3d at 257.  Accordingly, on this third attempt to litigate the same issues, the Court will address Plaintiff's arguments only briefly, as noted below.

Plaintiff, in the present motion, takes issue with this Court's interpretation of Gaus v. County of Wells, 620 F. Supp. 1462, 1465 (N.D. Ind. 1985).  Although Plaintiff cites language from another portion of that opinion, Plaintiff's argument does not change this Court's previous interpretation of Gaus:

> Gaus merely held . . . that "*[a]t the very least*, plaintiff knew or should have known of the injuries attending the alleged violations of his constitutional rights with respect to his arrest, prosecution and conviction on January 6, 1982 when the Wells County jury returned the guilty verdict," and regardless of which date was used, the plaintiff's claims were barred by the applicable statute of limitations.  Gaus, 620, F. Supp. at 1465 (emphasis added).  The Court in Gaus did not need to and declined to determine the date on which the limitations period actually began to run.  Id.

Jan. 12, 2006 Ruling at 6 (emphasis in original).

Plaintiff also argues that Cullen v. Margiotta, 811 F.2d 698, 725 (2d Cir. 1987), distinguishes "between a plaintiff's awareness of *potential* injury and knowing or having reason to know of the *probable* injury." Pl's Mot. Recons. at 3 (emphasis in original).  The Court does not read Cullen to make that distinction.  Moreover, Cullen supports the Court's holding in this case.  Cullen involved a group of plaintiffs who had previously been employed by their town or their county and who claimed that "for some years prior to the filing of their federal complaint, the defendants had engaged in a scheme of demanding, in violation of plaintiffs' rights under federal law, that employees or prospective employees of the Town and the County contribute annually one percent of their salaries to the Nassau County Republican Party in order to obtain promotion or employment." Cullen, 811 F.2d at 704.  The district court ruled that the plaintiffs'

claims were governed by a three-year statute of limitations and were time-barred. Id. at 705. Specifically, with regard to one plaintiff's claims, the district court held that his claims accrued in October 1973 because he "knew or should have known in October 1973 that his employment would be terminated because of his failure to pass the Civil Service examination." Id. at 725. The Second Circuit affirmed this ruling, holding that the plaintiff's "acknowledgment that defendants' coercive and pressure tactics were 'well-known' and that one who failed the exam could remain in the County's employ 'if he paid the one (1%) percent' revealed that he had reason to know in October 1973, in light of his lack of any intent to make that payment, that he would be dismissed." Id. Importantly, the Second Circuit held that the plaintiff's claim accrued when he failed the Civil Service examination and *not* subsequently, when his employment was actually terminated. Id. Like this Court's Ruling, the Second Circuit focused on the date of injury rather than the date on which the impact of injury was fully realized. See Jan. 12, 2006 Ruling at 7.

Plaintiff also argues again that the acts complained of constituted continuing courses of conduct for which the limitations period should be tolled. See Pl's Mot. Recons. at 5. As previously held in the Ruling on the Motion to Dismiss and Ruling on Motion for Reconsideration, however, the acts Plaintiff complains of are "discrete acts," not a continuing course of conduct. See Jan. 12, 2006 Ruling at 7; May 20, 2005 Ruling at 8. The Supreme Court has made clear that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges" and that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Plaintiff cites Schuster v. Buckley, 5 Conn. App. 473, 478, 500 A.2d

240, 243 (1985) and Doe v. Blake, 809 F. Supp. 1020, 1025 (D. Conn. 1992) for the proposition that a continuing course of conduct may toll the statute of limitations. In such a case, however, "the plaintiff must allege in his complaint or present facts which reasonably support an inference of a continuing breach of duty by the defendant." Schuster, 5 Conn. App. at 478. Regarding the "continuing breach of duty," the Schuster court noted that "[t]he negligent performance of a professional duty or the failure to perform it must be distinguished . . . from the consequences that result from such act or omission and which are claimed by way of damages;" only the former can constitute a continuing breach. Id. Similarly, the Doe court explained that "[a] continuing violation is occasioned by continuing unlawful acts, not by continued ill effects from the original violation." Doe, 809 F. Supp. at 1025 (quoting Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)). As found in previous rulings, the acts of which Plaintiff complains are discrete acts, not continuing breaches of duty. Accordingly, the limitations period should not be tolled.

      2.    Abstention

With regard to the abstention issue, the Court notes that it has already considered and rejected Plaintiff's arguments against abstention twice. See Jan. 12, 2006 Ruling at 9-10; May 20, 2005 Ruling at 11-13. As Plaintiff notes, abstention is a matter of trial court discretion. See Pl's Mot. Recons. at 9 (quoting Ramos v. Lamm, 485 F. Supp. 122, 128 (D. Colo. 1979)). Upon reconsideration, the Court will adhere to its prior rulings on this issue.

**B.    Ruling on Plaintiff's Motion for Permission to Supplement**

In its prior Ruling, this Court denied Plaintiff's Motion for Permission to Supplement his Motion for Reconsideration. See Jan. 12, 2006 Ruling at 10-11. Specifically, the Court noted that Motions for Reconsideration must, pursuant to Local Rule of Civil Procedure 7(c), "be filed

and served within ten (10) days of the filing of the decision or order from which such relief is sought." Id. at 10.  Although Plaintiff's Motion for Reconsideration was timely, the Motion for Permission to Supplement was filed over one month later.  Moreover, the Supplement did not present facts or arguments which would have been previously unknown to Plaintiff, but merely expanded on arguments that were made in the original motion.  Plaintiff's Motion for Permission to Supplement also presented no justification for filing a supplement over one month after filing the original motion, stating only that "[j]ustification for such permissio [sic] is understood from the information and arguments which are contained in the accompanying Supplement."  Moreover, even if this Court were to grant Plaintiff's Motion for Permission to Supplement his Motion for Reconsideration, such an action would not change the outcome of the Court's Ruling on Plaintiff's Motion for Reconsideration.  The Court has read the supplement, however, it does not change the position taken in its rulings.  Accordingly, the prior ruling is affirmed.  Plaintiff's Motion for Permission to Supplement is denied on the ground that such supplement would be futile.

      **C.**     **Ruling on Plaintiff's Motion for Leave to Amend Complaint**

Although leave to file an amended complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), leave should not be given when such amendment would be futile.  See Forman v. Davis, 371 U.S. 178, 182 (1962).  The Court previously denied leave to amend on the ground that amendment would be futile, as Plaintiff's proposed additions pertain to conduct occurring more than three years prior to the date on which the action was filed and which therefore would be barred by the applicable statutes of limitations.  See Jan. 12, 2006 Ruling at 12.  Upon reconsideration, the prior ruling is affirmed.

IV.     CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. No. 83] is **granted**. The Court examined the merits of his claims and the prior ruling is **affirmed**. In light of this decision, Plaintiff Motion for Extension of Time to File Appeal [Doc. No. 87] is **granted** in part. Plaintiff is granted an additional thirty (30) days from the date of this Ruling to file an appeal.

SO ORDERED.

Dated at New Haven, Connecticut, April  28 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court